IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DIVAN L. COCHRELL, # 25467-044,

Petitioner,

   vs.

WARDEN, USP-MARION,

Respondent.                                             Case No. 13-cv-1293-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, by counsel, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his enhanced sentence. He is currently incarcerated in the United States Penitentiary at Marion. Petitioner's attorney opened this civil case on December 16, 2013, but did not file a petition until January 27, 2014 (the corrected petition, Doc. 6, was filed on January 29).

Petitioner pled guilty to kidnapping and motor vehicle theft in the Eastern District of Missouri (Doc. 6-1, p. 1). *United States v. Cochrell*, Case No. 98-cr-380. He was sentenced on June 11, 1999, to concurrent terms of 327 months and 300 months, respectively, on those two counts. As part of his plea agreement, petitioner waived his right to bring a direct appeal of his conviction. He filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on June 24, 1999, claiming ineffective assistance of counsel; it was dismissed on October 30, 2001. *Cochrell v. United States*, Case No. 99-cv-1037 (E.D. Mo.). Petitioner did not challenge the "Career Offender" enhancement of his

sentence in that proceeding.

Because petitioner had two prior qualifying felony convictions, he was sentenced as a Career Offender pursuant to U.S.S.G. § 4B1.1, which raised his guideline offense level from 32 to 37 (Doc. 6-1, p. 2).  Under § 4B1.1, a defendant is subject to an enhanced sentence if he has at least two prior convictions for either a "crime of violence" as defined in the guidelines or for a controlled substance offense.  One of the enumerated "crimes of violence" in these definitions is the "burglary of a dwelling."  U.S.S.G. § 4B1.2(a)(2).  This portion of the sentencing guidelines triggered petitioner's enhanced sentence.

Petitioner's prior conviction at issue here was for burglary in the second degree, in violation of Missouri Statutes § 569.170.  This statute defines burglary in the second degree to include the unlawful entry of a "building or inhabitable structure" (Doc. 6-1, p. 14).  Petitioner argues herein that because the Missouri statutory definition of second-degree burglary is broad enough to encompass burglary of a structure that is not a "dwelling," this prior Missouri conviction should not have been counted as a predicate crime that would trigger an enhanced sentence as a Career Offender under § 4B1.1. He therefore asserts that he is "actually innocent" of being a Career Offender.  He seeks to have his sentence vacated and the cause remanded to the trial court for resentencing without the Career Offender enhancement.

Without commenting on the merits or timeliness of petitioner's claim, the Court concludes that the petition survives preliminary review under Rule 4 and

Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before **March 5, 2014**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of February, 2014.

Digitally signed by
David R. Herndon
Date: 2014.02.03
12:24:57 -06'00'

**Chief Judge
U.S. District Court**