IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIVAN COCHRELL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-1293-CJP[1] |
| | ) |
| **WARDEN, USP Marion,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Petitioner Divan Cochrell is serving a 327 month sentence for kidnapping and a concurrent 300 month sentence for vehicle theft. He was sentenced as a Career Offender under U.S.S.G. §4B1.1. Through counsel, he filed a petition for writ of habeas corpus under 28 U.S.C. §2241.

## Convictions and Procedural History

Petitioner pleaded guilty to kidnapping and vehicle theft in the Eastern District of Missouri. In June 1999, he was sentenced to concurrent terms of 327 months and 300 months imprisonment. *United States v. Cochrell*, 98-00380-CEJ.[2]

Cochrell was sentenced as a Career Offender under U.S.S.G. §4B1.1. According to the Presentence Investigation Report, his predicate convictions

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 14.

[2] Petitioner's sentence became final before the Sentencing Guidelines were held to be only advisory in *U.S. v. Booker*, 125 S. Ct. 738 (2005).

included Missouri second degree burglary. A sealed copy of the Report is located at Doc. 27.

The Missouri indictment for second degree burglary charges that Cochrell "knowingly entered unlawfully in an inhabitable structure . . . . possessed by Lutheran Hospital, for the purpose of committing stealing therein." Doc. 19, Ex. 1.

Petitioner's plea agreement is not accessible through the court's electronic filing system. However, according to the Presentence Investigation Report, the agreement included a waiver of his right to appeal except to challenge an upward departure. Further, he waived his right to "contest the conviction or sentence, except for grounds of prosecutorial misconduct or ineffective assistance of counsel, in any post-conviction proceeding." Doc. 27, p. 4.

Cochrell did not file a direct appeal. He did, however, file a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 in the Eastern District of Missouri. He argued ineffective assistance of counsel and that his plea was coerced. He did not raise an issue as to the Career Offender enhancement. The motion was denied on October 30, 2001. *Cochrell v. United States*, 99-cv-1037-CEJ, Doc. 17.

### Grounds for Habeas Relief

The exact nature of petitioner's argument has shifted over time.

In the petition itself, the ground is stated as "Counsel provided ineffective assistance by not challenging my prior convictions used to classify me as a

U.S.S.G. 4B1.1 career offender.  I am actually innocent of the career offender classification." Doc. 6, p. 6.  In his initial Memorandum in Support, petitioner argues that using his Missouri second degree burglary conviction as a predicate conviction was error and that that counsel was ineffective for "failing to understand the law related to Career Offender predicate crimes of violence."  He argues that the Missouri second degree burglary statute refers to entering or remaining in "a building or inhabitable structure," but U.S.S.G §4B1.2(a)(2) specifies "burglary of a dwelling."  Doc. 6, Ex. 1, pp. 14.

In response, among other arguments, respondent argued that Missouri second degree burglary is a crime of violence because it "otherwise involves conduct that presents a serious risk of physical injury to another."  This last phrase is the so-called residual clause of U.S.S.G. §4B1.2.  Doc. 15, pp. 6-7.

Petitioner then filed a reply in which he argued that Missouri second degree burglary does not qualify as a crime of violence under the residual clause.  Doc. 19.

Lastly, petitioner filed a "Supplemental Memorandum of Law" in which he argued that the residual clause of §4B1.2(a)(2) is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551(2015).  Doc. 23.

### Legal Standards Applicable to Section 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. §2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, *Valona v. United*

*States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. §2255 in the court which sentenced him. A motion under §2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a

nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions.  First, he must show that he relies on a statutory construction case rather than a constitutional case.  Secondly, he must show that he relies on a new decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).  See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The Seventh Circuit's cases following *Davenport* have held that "there must be some kind of structural problem with section 2255 before section 2241 becomes available.  In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."  *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015)

## Analysis

**1.   Claim That Career Offender Enhancement Was Incorrectly Applied**

The original ground advanced by petitioner does not rely on a retroactive Supreme Court decision or a change in the law that post-dates his §2255 motion. The argument set forth in the original petition, that counsel was ineffective for failing to realize that his Missouri second degree burglary conviction was not a conviction for burglary of a dwelling, was obviously available to him from the

beginning.  He could have brought that claim in his first §2255 motion.

As for his residual clause claim, petitioner argues that he relies on a new case, *Begay v. United States*, 128 S.Ct. 1581 (2008).  He cannot advance his residual clause claim in a §2241 petition for three reasons.  First, he waived his right to bring a collateral challenge for any reason other than prosecutorial misconduct or ineffective assistance of counsel.  He does not argue that counsel was ineffective for failing to raise a claim that the residual clause was incorrectly applied to him.  Secondly, his argument that his residual clause claim arises from *Begay* is incorrect.  Lastly, if he were able to advance a *Begay* claim on the facts of this case, such claim would be precluded by his waiver.

In *Begay*, the Supreme Court held that a DUI conviction is not a crime of violence within the residual clause of the Armed Career Criminal Act.  The Court reasoned that the residual clause covers only crimes that are similar in nature to the enumerated crimes.  The enumerated crimes, including burglary, all involve purposeful, violent, or aggressive conduct.  "By way of contrast, statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all."  *Begay*, 128 S. Ct. at 1586-87.

Petitioner attempts to shoehorn his claim into a *Begay* claim by arguing that there is no indication that his burglary of the "inhabitable structure" involved

purposeful, violent or aggressive conduct. Doc. 19, p. 7. This attempt is unavailing. As *Begay* noted, generic burglary involves "unlawful or unprivileged entry into a building or other structure with 'intent to commit a crime.'" *Begay*, 128 S. Ct. at 1586, citing *Taylor v. United States*, 110 S. Ct. 2143, 2158 (1990). *Begay* drew a distinction between the intent required for a crime such as burglary on the one hand and a crime such as DUI on the other. *Begay* holds that crimes that are similar in nature to enumerated crimes, including burglary, satisfy the residual clause. Far from calling the application of the enhancement into doubt here, *Begay* supports the proposition that second degree burglary as defined by the Missouri statute qualifies under the residual clause. Because Cochrell's prior conviction is for burglary, and not for a crime similar to DUI, *Begay* undercuts rather than supports his argument here.

Setting aside the issue of petitioner's waiver, because neither the residential burglary nor the residual clause aspect of petitioner's argument relies on a Supreme Court case announcing a new rule of statutory construction, petitioner's claim does not meet the *Davenport* criteria. However, citing *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), petitioner argues that he is "actually innocent" of the Career Offender enhancement, and that he is entitled to bring a §2241 petition regardless of whether he can meet the *Davenport* criteria.

*McQuiggin* holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome the statute of limitations for filing a petition for habeas relief under 28 U.S.C. §2254. That case does not apply here.

The Court first notes that *McQuiggin* requires that the petitioner's claim of actual innocence meet the "demanding" standard of *Schlup v. Delo*, 115 S.Ct. 851 (1995). *McQuiggin*, 133 S. Ct. at 1936. The *Schlup* standard refers to actual innocence of the crime itself. *Schlup*, 115 S. Ct. at 865. Petitioner cites no authority for the proposition that a claim of "actual innocence" of a sentencing enhancement could satisfy the *Schlup* standard. The Court finds it unnecessary to resolve that question, or the question of whether petitioner has even set forth a credible claim of actual innocence of the sentencing enhancement. Even if he has set forth a valid *Schlup* claim, he would not be entitled to bring a §2241 petition.

By its terms, *McQuiggin* is limited to "an untimely first federal habeas petition alleging a gateway actual-innocence claim." The Supreme Court expressly noted that different rules apply to second or successive petitions. *McQuiggin*, 133 S. Ct. at 1933-1934.

Neither the language nor the reasoning of *McQuiggin* support the expansive reading that petitioner urges. Cochrell is not a state prisoner who will be deprived of any chance of federal court review of constitutional claims if he is not allowed to proceed on a §2241 petition. Rather, he has already had an opportunity for direct appeal and review under §2255.

Of course, Cochrell waived his right to file a §2255 motion except for grounds of prosecutorial misconduct or ineffective assistance of counsel. Waiver of the right to bring a §2255 motion does not make the remedy afforded by §2255 inadequate or ineffective. *Muse v. Daniels*, __ Fed. Appx. __, 2016 WL 731859

(7th Cir. 2016)(decided as an order on Feb. 24, 2016, but reissued as an opinion on March 4, 2016).  Cochrell filed a §2255 motion alleging ineffective assistance.  Because his present claims do not arise out a change in the law, he could have included in his §2255 motion a claim that counsel was ineffective for failing to make the arguments that he now makes here.  His failure to do so does not make the remedy afforded by §2255 ineffective or inadequate.  "[F]ailure to raise a claim the first time around does not render §2255 'inadequate'. . . ."  *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003)

Petitioner does not cite any case from any Circuit which reads *McQuiggin* the way he does, and this Court's independent research has not discovered such a case.  The Seventh Circuit has not spoken on the issue, but other Courts have refused to apply *McQuiggin* to permit a federal prisoner to bring a §2241 petition without showing that the remedy under §2255 was inadequate or ineffective.  See, e.g., *Boyce v. Berkebile*, 590 Fed. Appx. 825 (10th Cir. 2015); *Candelario v. Warden*, 592 Fed. Appx. 784 (11th Cir. 2014); *McAdory v. Warden Lewisburg USP*, 545 Fed. Appx. 88 (3rd Cir. 2013).  This Court agrees with the reasoning of these cases.

2.   *Johnson* **Claim**

Much of the foregoing discussion is potentially vitiated by *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e), is void for vagueness.  The residual cause of U.S.S.G. §4B1.2 uses the same language as the residual clause of the

ACCA. Petitioner argues that *Johnson* should be applied to hold that the residual clause of the sentencing guideline is void as well.

The Seventh Circuit has held that *Johnson* announces a new substantive rule of constitutional law which applies retroactively in a collateral attack on a final conviction. *Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015). The Eleventh Circuit has held the opposite. *In re Rivero*, 797 F.3d 986 (11th Cir. 2015). On January 8, 2016, the Supreme Court granted *certiorari* in *Gregory Welch v. United States*, No. 15-6418. One of the questions presented in that case is whether *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases that are on collateral review. See, http://www.supremecourt.gov/qp/15-06418qp.pdf, visited March 17, 2016. Oral argument is set for March 30, 2016.

There is also a separate issue as to whether *Johnson* applies to a Sentencing Guidelines case. The Seventh Circuit has previously held that the Sentencing Guidelines are not susceptible to a void for vagueness challenge. *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012). However, in *Stork v. United States*, No. 15-2687, 2015 WL 5915990 (7th Cir. Aug. 13, 2015), the Court authorized the filing of a second or successive §2255 motion, directing the district court to "decide first whether *Johnson* applies to U.S.S.G. § 4B1.2(a)(2) (the residual clause of the career-offender guideline) and, if so, whether Stork is subject to the adjustment under the new rule." *Ibid.* And, the issue of whether *Johnson* applies to Guidelines cases on direct appeal is pending before the

Seventh Circuit in *United States v. Darryl Rollins*, No. 13–1731, *United States v. Hurlburt*, No. 14-3611, and *United States v. Gillespie*, No. 15–1686. All three cases were argued on December 2, 2015.

Even assuming that *Johnson* announced a new rule that is retroactive, and that the new rule applies to a Guidelines case, Cochrell cannot bring a *Johnson* claim in a §2241 petition in this district.

In order to fit within the savings clause under *Davenport*, a petitioner's argument must rely upon a new rule of statutory construction. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. *Johnson* announces a new rule of constitutional law, *not* a rule of statutory construction. *Price v. United States,* 795 F.3d at 734. Therefore, *Johnson* cannot be the basis for a §2241 petition. "First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'" *Brown v. Caraway*, 719 F.3d at 586

While *Johnson* cannot be the basis for a §2241 petition, it may present grounds for filing a second or successive §2255 motion. A second or successive §2255 motion requires permission from the appropriate court of appeals, and is allowed when the court of appeals certifies that the petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2). The Seventh Circuit granted the petitioner in *Price* permission to file a second or

successive §2255. *Price,* 795 F.3d at 734-35.

Cochrell is represented by counsel here, and counsel will undoubtedly advise him the best way to proceed. This Court expresses no opinion as to whether the Eighth Circuit would grant petitioner leave to file a second or successive §2255 motion, or whether petitioner would ultimately be entitled to relief under *Johnson*. The Court points out that §2255(f)(3) requires that a §2255 motion relying on a newly-recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court…." The one-year period prescribed by 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *Dodd v. United States,* 125 S. Ct. 2478, 2482 (2005). *Johnson* was decided by the Supreme Court on June 26, 2015.

The Court notes petitioner's argument that *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), allowed a challenge to an unconstitutional sentence to be brought in a §2241 petition. That is true, but irrelevant. The petitioner in *Daniels* had been sentenced to death. He alleged that he had new evidence that he was mentally retarded and therefore constitutionally ineligible for the death penalty. The new evidence allegedly came to light long after his first §2255 motion was denied. He was unable to raise that claim in a successive §2255 motion because §2255(h)(1) limits new evidence claims to new evidence establishing innocence of the offense. *Webster*, 784 F.3d at 1132-1134. *Webster*

does not disturb the Seventh Circuit's longstanding rule that "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster* 784 F.3d at 1136.

Here, no structural problem with §2255 prevents Cochrell from presenting his *Johnson* claim. If *Johnson* announces a new, retroactive rule of constitutional law that applies in Guidelines cases, it presents grounds for filing a successive §2255 motion in the Eastern District of Missouri. That is the opposite of a structural problem: it is the way the statute was designed to operate. 28 U.S.C. §2255(h)(2).

The Court also notes Cochrell's argument that his *Johnson* claim will be foreclosed in the Eighth Circuit by *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011). That may or may not be correct. Sun Bear was asserting a claim that the §4B1.1 enhancement was incorrectly applied to him because one of his prior convictions did not qualify as a crime of violence after *Begay, supra*. Cochrell claims not that a Guideline provision was incorrectly applied but that the Guideline provision is itself unconstitutional. The Eighth Circuit may well hold that such a claim is not foreclosed by *Sun Bear*. And, in any event, if it turns out that Eighth Circuit law differs from Seventh Circuit law on whether *Johnson* can be used to challenge a Guidelines enhancement, that difference would not permit Cochrell to bring a §2241 petition in this district. "When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely

because he happens to have been convicted in the other circuit." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

## Conclusion

Divan Cochrell's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 6)** is **DENIED**.

This action is **DISMISSED WITHOUT PREJUDICE** so that Cochrell may seek leave to file a successive §2255 motion from the Eighth Circuit.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:** March 18, 2016.

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**